# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20592

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee

v.

JERMAINE COMEAUX,

　　Defendant - Appellant

United States Court of Appeals
Fifth Circuit
**FILED**
July 6, 2020
Lyle W. Cayce
Clerk

United States Courts
Southern District of Texas
FILED
*August 28, 2020*
David J. Bradley, Clerk of Court

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-208

Before OWEN, Chief Judge, and CLEMENT and WILLETT, Circuit Judges.

PER CURIAM:*

　　Jermaine Comeaux, federal prisoner # 73977-379, moves for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion. He argues that the court's summary dismissal of his § 2255 motion was in error because his ineffective-assistance-of-counsel claim is sufficient to survive such a summary dismissal and the court should have

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ordered the Government to respond. A district court can summarily dismiss a § 2255 motion without ordering the Government to respond "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), RULES GOVERNING § 2255 PROCEEDINGS. Thus, whether the court's summary dismissal was a debatable error meriting a COA depends on whether Comeaux asserts a debatable ineffective-assistance claim. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Comeaux argues that his trial counsel failed to advise him of the potential length of his prison sentence and failed to timely move for the withdrawal of his guilty plea—despite the Government's invitation to do so—after a potentially exculpatory letter was discovered. He claims that, but for these mistakes, he would have pleaded not guilty and exercised his right to a jury trial. This argument appears to facially assert a valid constitutional right. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Reasonable jurists could debate whether the record plainly shows these arguments to be baseless. We therefore grant Comeaux's COA on whether the district court erred in summarily dismissing his motion. And because Comeaux's ineffective-assistance claim is debatable, the district court's summary dismissal without ordering a Government response was error. *See United States v. Tarver*, No. 99-60921, 2000 WL 554024, at *1 (5th Cir. Apr. 10, 2000) (per curiam) (summarily vacating the district court's denial of § 2255 relief and remanding the case because a Government response was required under Rule 4(b)). Thus, the district court's denial of Comeaux's § 2255 motion is vacated.

To the extent that Comeaux argues that the court failed to promptly rule on his § 2255 motion as required by Rule 4(b), this issue does not merit a COA. Comeaux proceeds pro se, so we generously construe this to be an argument

that the court's tardiness somehow led to a violation of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But he does not explain how. This issue has no apparent relation to the merits of his ineffective-assistance claim or of a claim for any other constitutional right. If the delay impacted a constitutional right, Comeaux does not identify it. His COA on this timeliness issue is therefore denied. *See Alix v. Quarterman*, 309 F. App'x 875, 878 (5th Cir. 2009) (per curiam) ("If no constitutional violation is asserted, the non-constitutional claims are only considered to the extent that they are connected to a claim on which a COA is granted.").

Accordingly, the COA is GRANTED in part, the district court's denial of Comeaux's § 2255 motion is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.